This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**
**HUMAN SERVICES DEPARTMENT,**
**CHILD SUPPORT ENFORCEMENT DIVISION,**

Petitioner-Appellee,

v.                                                                              **NO. 32,696**

**ROBYN C. DELARUE,**

Respondent-Appellant,

and

**KENNETH R. BEASLEY, JR.**

Respondent.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Daylene A. Marsh, District Judge**

Cindy L. Gray
Farmington, NM

for Appellee

Robyn Delarue

Aztec, NM

Pro se Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}    Appearing pro se, Co-Respondent/Appellant, Robyn C. DeLaRue, (Mother) appeals from the district court's final judgment and order, dated February 12, 2013. We issued a notice proposing to summarily affirm, and Mother filed a letter memorandum, which we will construe as a memorandum in opposition to proposed summary affirmance.

{2}    In our notice, we recognized that Mother appeared to raise two issues in her docketing statement. First, Mother appeared to challenge the district court's award of primary physical custody of Child to Co-Respondent, Kenneth Beasley, Jr., (Father) notwithstanding Mother's allegations that Father abused and neglected Child. Second, Mother appeared to believe that the lawyers, judges, and guardian ad litem involved in this case should be reprimanded or disciplined. With respect to the first issue, we proposed to conclude that the district court did not abuse its discretion in awarding primary physical custody of Child to Father because its decision was supported by substantial evidence. With respect to the second issue, we proposed to conclude that

Mother did not preserve this issue in the district court. We noted that, if the issue had been preserved, we would propose to affirm on the merits because there was no evidence that anyone involved in the case was improperly biased or otherwise deserving of reprimand.

{3}     In her memorandum in opposition, Mother does not raise any new legal or factual arguments. Instead, she merely repeats verbatim four paragraphs from her docketing statement. "A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact." *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003. Because Mother has failed to point out any errors, we affirm.

{4}     **IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**TIMOTHY L. GARCIA, Judge**


_____
**J. MILES HANISEE, Judge**